UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CARRIE BOYER, individually
and on behalf of all other similarly
situated,

        Plaintiff,

v.

Case No. 6:16-cv-02136-GAP-TBS

DIVERSIFIED CONSULTANTS,
INC., LIVEVOX, INC., DONALD
ZEHNDER, CHRISTOPHER
ZEHNDER, CHARLOTTE L.
ZEHNDER, GORDON BECK III, MICHAEL
ANNA, DAVID GOODWIN, and
RAFAL LESZCYNSKI,

        Defendants.
_____/

**DEFENDANT, LIVEVOX, INC.'S, MOTION TO DISMISS AND
INCORPORATED MEMORANDUM OF LAW**

Defendant, LiveVox, Inc. (LiveVox), through counsel and under Federal Rule of Civil Procedure 12(b)(6), moves to dismiss the Complaint filed by plaintiff, Carrie Boyer (Plaintiff), and states:

**I.     INTRODUCTION**

On December 13, 2016, plaintiff filed this action against Diversified Consultants, Inc. (DCI), LiveVox and several individuals, alleging DCI violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, by autodialing her cellphone without prior express consent. Plaintiff named LiveVox because she alleges "LiveVox is the dialing and technology company utilized by DCI to place collection calls." (Doc. 1, ¶

1

31). Specifically, plaintiff alleges LiveVox "operates a telecommunications company."[1] *Id.* at ¶ 20. However, as courts have held, "LiveVox is not considered the maker or initiator of the calls under the TCPA," and, so, plaintiff's TCPA claims against LiveVox must be dismissed as a matter of law. *Selou v. Integrity Sol. Servs., Inc.*, 2016 WL 612756, at *4 (E.D. Mich. Feb. 16, 2016).

## II.    BACKGROUND

As stated above, plaintiff filed this action alleging DCI violated the TCPA by autodialing her cellphone without prior express consent and seeking to hold LiveVox liable for DCI's calls. (Doc. 1.) Plaintiff's allegations, however, make clear, DCI made the calls at issue *using* a LiveVox system.

Specifically, in relation to LiveVox, plaintiff alleges:

20.   Defendant, LiveVox [] operates a telecommunications company which maintains automated dialing systems. According to the sworn affidavit of Co-Defendant Rafal Lezcsinski, LiveVox initiates calls on behalf of DCI.

\* \* \*

31.   LiveVox is the dialing and technology company utilized by DCI to place collection calls and to convey automated and prerecorded messages to individual consumers.

32.   The LiveVox technology allows DCI and LiveVox together, to automatically dial thousands of telephone numbers at extremely low costs, and to schedule a pattern of repeated telephone calls at pre-programmed dates and times.

33.   LiveVox also provides Interactive Voice Response ("IVR") systems [] to DCI.

---

[1] LiveVox is merely a software company and does not provide telecommunication services.

> 34. LiveVox's IVR systems use pre-recorded voices to guide people through various menus in a telephone communication system.
>
> 35. DCI partners with LiveVox, in creating and/or developing its automated dialing collection campaigns.
>
> 36. LiveVox was involved in creating and/or implementing DCI's procedures relating to contacting consumers using an automatic telephone system or using an artificial or prerecorded voice message.
>
> 37. LiveVox provides or provided the automated dialing software systems for DCI at the time the calls were placed to BOYER and placed the calls to Boyer and a class of similarly situated individuals.
>
> 38. LiveVox provides or provided the IVR technology for DCI's prerecorded voice messaging communications to BOYER and a class of similarly situated individuals.
>
> * * *
>
> 53. DCI's call records show that it placed calls to BOYER'S phone number using the LiveVox system . . .

As plaintiff's own allegations make clear, LiveVox is a telecommunications company and merely provided technology to DCI. LiveVox did not make the calls at issue, and thus plaintiff's claims against LiveVox must be dismissed as a matter of law.

### III. LAW AND ARGUMENT

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for a "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere

3

conclusory statements do not suffice." *Id*.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*.

Here, plaintiff fails to allege a plausible claim against LiveVox. Specifically, plaintiff fails to allege LiveVox, versus DCI, made the calls at issue to her cellphone.

A.  *LiveVox Did Not Make Calls to Plaintiff's Cellphone*.

Under the TCPA, it is unlawful "to make any call . . . using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227. The TCPA's legislative history makes clear Congress did not intend the statute to apply to "the common carrier or other entity that transmits the call or message and that is not the originator or controller of the content of the call or message." S. Rep. No. 102-178 (1991), 1991 WL 211220 at *9.

The FCC and courts have confirmed technology providers do not "make" calls under the TCPA; their customers do. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 15-72, ¶¶ 25-37 (July 10, 2015) (finding entities that make available technology by which users may make phone calls are not the makers of those calls under the TCPA and thus have no liability); *Rinky Dink, Inc. v. Electronic Merchant Sys.*, 2015 WL 778065, *6-7 (W.D. Wash. Feb. 24, 2015)

4

(holding that provider of online platform for voice and text connectivity was a common carrier without liability under the TCPA).

Indeed, courts have specifically addressed LiveVox finding LiveVox does not make calls under the TCPA.  *See e.g. Selou v. Integrity Sol. Servs., Inc.*, 2016 WL 612756, at *4 (E.D. Mich. Feb. 16, 2016) (granting motion to dismiss and holding that, where complaint alleged that LiveVox provided the technology used to make relevant calls "LiveVox is not considered the maker or initiator of the calls under the TCPA"); *see also Longordo v. Diversified Consultants, Inc. and LiveVox, Inc.*, Case No. 2:15-CV-12991, Doc. 28 (E.D. MI February 24, 2016); *Sheridan v. Diversified Consultants, Inc. et. al*, Doc. 13 (E.D. MI February 22, 2016).

Like here, in *Selou*, the plaintiff attempted to assert a TCPA claim against LiveVox because the debt collector defendant used the LiveVox dialing systems and IVR to call his cellphone.  *Id*. at p. *3.  The plaintiff asserted she had "added LiveVox as a party directly liable for enabling the Defendants' collection calls to plaintiff through its automated telephone dialing system hardware and software platform."  *Id*.  The court dismissed plaintiff's claim because, like here, what plaintiff was claiming was that the debt collectors "made the calls, using LiveVox's technology."  *Id*. at *4.

Likewise, as explained above, plaintiff specifically alleges LiveVox merely "provides" calling technology to DCI; and, DCI, not LiveVox, made the calls at issue. Doc. 1 at ¶¶ 34-35; 54 (referencing a "message conveyed by DCI through the LiveVox IVR system"); 55 – 56, 58 – 60 (referencing "DCI's calls"), 63 and 66 (alleging "DCI used an automatic telephone dialing system"); and 64 (alleging "DCI made repeated

5

automated calls to Plaintiff's cell phone"). As plaintiff alleges, LiveVox simply provides services and did not make any calls to plaintiff's cellphone. *Id.* at ¶¶ 20, 31.

## IV. <u>CONCLUSION</u>

WHEREFORE, Defendant Livevox, Inc. respectfully requests this Court dismiss plaintiff's complaint with prejudice, and for such other relief as this Court deems proper.

Respectfully submitted,

*/s/ Michael Schuette*
Michael Schuette
Florida Bar No. 0106181
Dayle M. Van Hoose, Esq.
Florida Bar No. 0016277
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
3350 Buschwood Park Drive, Suite 195
Tampa, Florida 33618
Telephone:   (813) 890-2472
Facsimile:   (866) 466-3140
mschuette@sessions-law.biz
dvanhoose@sessions-law.biz

*Attorneys for LiveVox*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 3rd day of February 2017, a copy of the foregoing was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including Plaintiff's counsel as described below. Parties may access this filing through the Court's system.

| | |
|---|---|
| Scott D. Owens, Esq.<br>Scott D. Owens, P.A.<br>3800 S. Ocean Dr., Suite 235<br>Hollywood, FL 33019<br>scott@scottdowens.com | Julie A. Petrick<br>Lyngklip & Associates Consumer Law Center<br>2400 Northwestern Highway, Ste 206<br>Southfield, MI 48075<br>julie@michiganconsumerlaw.com |
| Rex Clifford Anderson<br>Rex Anderson, PC<br>9459 Lapeer Rd<br>Davison, MI 48423<br>rex@rexandersonpc.net | |

*/s/ Michael Schuette*
Attorney